IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DERRECK GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-17-209-F |
| | ) | |
| STATE OF OKLAHOMA, ex rel. | ) | |
| Laura Austin Thomas, District | ) | |
| Attorney, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 27, 2017, this Court accepted for filing a complaint signed by Derreck Gray (Plaintiff), claiming civil rights violations under 42 U.S.C. § 1983, Doc. 1, and noting "See: Payne County Case (#CF-2015-617 & CJ-2015-436)." *Id.* at 1.[1] Contrary to the requirements of the federal civil procedural rules, Plaintiff's complaint did not "state the signer's address." Fed. R. Civ. P. 11(a).

The complaint was mailed to the court in an envelope bearing the following return address: Derreck R. Gray, 1524 S. Perkins Road, Stillwater, Oklahoma, 74074. Doc. 1, at Att. 2. The mailing envelope also contained a

---

[1] United States District Judge Stephen P. Friot then referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. 636(b)(1)(B), (C). Doc. 4.

letter "[t]o whom ever it may concern," with an illegible signature, identifying the letter's author as "Derreck R. Gray's cu__in." *Id.* at Att.1 (capitalization altered). The letter's author stated, "I put my return address on the envelope because I do not know where he is at the moment (Derreck Ryan Gray DOB: 6/6/1983 and I can get this letter to him or you any's way can look him up – . . . ." *Id.* There is no indication the complaint was delivered to this Court with Plaintiff's permission.[2]

On that same day, the office of the Clerk of Court mailed Plaintiff a copy of the initial filing papers and two procedural orders, Docs. 1, 3, 4, using the address of the Payne County Jail. *See* February 27, 2017 docket notes.[3]

On March 2, 2017, the undersigned advised Plaintiff that his action could not proceed until either he paid the $400 filing fee or the court granted him leave to proceed without prepayment of the fee. Doc. 5, at 1. The undersigned ordered Plaintiff to cure this deficiency by March 22, 2017, and

---

[2]  For various reasons, the possibility exists that Plaintiff did not want his draft complaint to be filed. A prisoner, for example, who has drafted a civil rights complaint could decide not to file it after considering the possibility that the action might be dismissed as frivolous or malicious or for failure to state a valid claim for relief, and, so, count as a "prior occasion[]" under 28 U.S.C. § 1915(g).

[3]  This mailing was returned to the court on April 3, 2017, Doc. 7, with the notation "Not in Custody." *Id.* at 8.

cautioned that his failure to do so could result in the dismissal of this action. *Id.* The order was mailed to Plaintiff at the Payne County Jail. *See* March 2, 2017 docket notes. The mailing was "Return[ed] To Sender" on March 16, 2017, with the notation "Not In Custody." Doc. 6.

The following day, the office of the Clerk of Court, relying on "Information from DOC website," changed Plaintiff's address to the address of the Lexington Assessment and Reception Center and "resent" the order to cure deficiency, Doc. 5, using that address. *See* March 17, 2017 docket notes. To date, that mailing has not been returned to the court as undeliverable or otherwise.

By April 11, 2017, Plaintiff had not cured his filing fee deficiency as ordered. In light of the unusual nature of this case, the undersigned gave him a final opportunity to do so. Doc. 8. As of that date, Plaintiff's current place of incarceration was the Cimarron Correctional Facility in Cushing, Oklahoma, and the undersigned directed the Clerk of Court to change the docket report to reflect Plaintiff's current address at that facility. *Id.* at 2. The undersigned also expressly notified Plaintiff that, hereafter, it was his responsibility under Local Civil Rule 5.4(a) to notify the court if his address changes.[4] *Id.*

---

[4] The undersigned also directed the Clerk of Court to send Plaintiff a copy of this Court's local civil procedural rules and a change of address form.

The undersigned further directed the Clerk of Court to send Plaintiff a copy of this Court's form Pro Se Prisoner Civil Rights Complaint, along with forms pertaining to filing fee and in forma pauperis requirements, as well as a copy of his current complaint, Doc. 1. Doc. 8, at 3. The undersigned told Plaintiff that if he wished to proceed with this action, he must complete the form complaint and follow all instructions set out in that form including the instructions regarding filing fee and in forma pauperis requirements and submissions. *Id.*

The undersigned ordered Plaintiff to file his completed form complaint and all other required forms and documentation on or before May 2, 2017, and advised that his "**failure to comply with this Order will likely result in the dismissal of this action.**" *Id.*

To date, Plaintiff has not complied. He has not shown good cause for his failure to do so, and he has not requested an extension of time. Plaintiff's failure to comply with court orders, together with a court's right and responsibility to manage and control its caseload, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (noting the court applies Fed. R. Civ. P. 41(b) to allow sua sponte dismissal for "failure to . . . comply with the rules of civil procedure or court's orders").

4

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The undersigned recommends the dismissal without prejudice of Plaintiff's action under Fed. R. Civ. P. 41(b).

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court by June 6, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in the captioned matter.

ENTERED this 17th day of May, 2017.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE